# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ELLA STEWART et al**                                                                           **PLAINTIFFS**

**V.**                                                        **CASE NO. 2:04CV144**

**SCHERING-PLOUGH HEALTH CARE**
**PRODUCTS, INC., et al**                                                    **DEFENDANTS**

## ORDER

This cause comes before the Court sua sponte.

The sole remaining plaintiff in the above-styled case is the Estate of Ella Stewart. Stewart was a Mississippi resident who died at the age of 86 during the litigation of this case and whose estate is represented by her son and executor, Fred Ellis Stewart, Jr. The sole remaining defendant is Novartis Consumer Health, Inc. ("Novartis"), a foreign corporation engaged in the manufacture of a laxative called Dulcolax.

The complaint alleges that Stewart began taking Dulcolax sometime in 1995 and that Dulcolax caused her to suffer a bowel obstruction which resulted in her undergoing an emergency colostomy. The complaint raises claims for strict products liability, negligence, breach of warranty, negligent misrepresentation, fraud and conspiracy.

When this litigation began, the Estate (and the other plaintiffs) were represented by attorney Justin Witkin of the law firm of Aylstock, Witkin & Sasser. On January 6, 2006, U.S. Magistrate Judge Jerry A. Davis granted Witkin's sealed motion to withdraw as attorney for the Estate and advised the Estate that it had thirty days in which to retain new counsel or notify the Court of its intention to proceed pro se. Judge Davis later granted the Estate's motion for an extension of time

in which to retain new counsel until March 10, 2006, and on that date, attorney William L. Bambach of Columbus, Mississippi entered an appearance on behalf of the plaintiffs.

On June 21, 2006, however, Bambach also withdrew from the case, stating that he had "discovered facts some of which were in opposition to the information provided to counsel by Plaintiffs as their information was allegedly provided by their former Counsel" and that the Plaintiffs refusal to follow his advice prevented him from adequately representing the Estate. Judge Davis granted the second motion to withdraw and directed Bambach to immediately inform the Estate. Judge Davis' order further directed that he would henceforth consider the Estate to be proceeding pro se and that the Estate would still be required to respond to Novartis' summary judgment motion. At that time, the response was due the day after Judge Davis entered his order.

The Court is sympathetic to Judge Davis' frustration with the Estate, whose inability to retain counsel in this case certainly hints at some fundamental weaknesses in their claims. This Court has in the past granted summary judgment in cases where a plaintiff through his silence has confessed the truth of the defendant's arguments. However, the Court is loathe to do so in a case involving a pro se plaintiff who realistically had only one day to respond to a dispositive motion, particularly where the plaintiff had pro se status thrust upon him.

ACCORDINGLY, out of an abundance of caution, it is hereby ORDERED:

1. that the Estate shall have thirty (30) days from the entry of this order in which to retain new counsel or else to inform the Court of its intent to proceed pro se;

2. <u>that failure to either retain new counsel or to inform the Court of its intent to proceed pro se shall result in dismissal of the Estate's claims;</u>

3. that the Estate's response to the motion for summary judgment shall be due within ten (10) days of the Estate's notification to the Court of its intent;

2

4. that trial in the above-styled matter is hereby CONTINUED until further order of the Court; and

5. that William Bambach, the last attorney of record for the Estate in this case shall provide the representative of the Estate with a copy of this order.

This is the 12th day of July, 2006.

                                          **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**